

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00130-CR

CHRISTOPHER DARRELL BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 21F1645-202

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Christopher Darrell Brown appeals his conviction for continuous sexual assault of a child.[1] He claims his trial counsel rendered ineffective assistance by failing to file a motion in limine and failing to object to extraneous-offense evidence. We have reviewed the record and applicable law and find that Brown has not met the requirements of *Strickland v. Washington*.[2] We overrule Brown's point of error and affirm the trial court's judgment.[3]

## I. Trial and Background

Brown was an acquaintance of Helena's[4] mother. Helena testified that, from the time she was about nine years old through age fourteen, Brown engaged in multiple acts of sexual abuse, including digital penetration of her vagina, performing oral sex upon her, and intercourse.

Helena described for the jury a family fight, which developed after she had written a letter to her mother explaining that Brown sexually abused her. Her mother would not believe Helena, who "got fed up" and yelled at her mother, "[H]e did this to [Jessica (Helena's older sister)]." According to Helena, "[I]t was just a big fight." During that family argument, Jessica

---

[1]*See* TEX. PENAL CODE ANN. § 21.02 (Supp.). The trial court sentenced Brown to life imprisonment.

[2]466 U.S. 668 (1984).

[3]In a companion case, cause number 06-23-00234-CR, Brown appeals another conviction for sexual assault of a child.

[4]To protect the privacy of minor victims, we use pseudonyms to refer to the child complainant, her family, and anyone who was a minor at the time of their abuse. *See* TEX. R. APP. P. 9.10(a)(3); *McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

called the police, who responded to the family home. Exactly what Brown "did" to Jessica is not clear from the transcript of the guilt/innocence phase of trial.[5]

## II. Brown Fails to Demonstrate Trial Counsel Was Ineffective

### A. Review of Ineffective Assistance of Counsel Claims

"As many cases have noted, the right to counsel does not mean the right to errorless counsel." *Lampkin v. State*, 470 S.W.3d 876, 896 (Tex. App.—Texarkana 2015, pet. ref'd) (citing *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006)). "[T]o prevail on a claim of ineffective assistance of counsel, [the defendant] must satisfy the two-prong test set forth in *Strickland*[, 466 U.S. at 687–88]." *Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009) (orig. proceeding). A failure to make a showing under either prong of the *Strickland* test defeats a claim for ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).

The first prong requires a showing "that counsel's [performance] fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. This requirement can be difficult to meet since there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As a result, the Texas Court of Criminal Appeals has said, "Trial counsel 'should ordinarily be afforded an opportunity to explain his actions before being [found] ineffective.'" *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

---

[5]Jessica testified at the punishment phase of trial that, when she was around ten years old, Brown would tell her to take off her pants, lift her shirt, and spin around in her underwear while he watched.

When an appellate record is silent on why trial counsel failed to take certain actions, "the appellant has failed to rebut the presumption that trial counsel's decision was in some way—be it conceivable or not—reasonable." *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007); *see Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). This is because "any allegation of ineffectiveness must be firmly founded in the record." *Bone v. State*, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002) (quoting *Thompson*, 9 S.W.3d at 813). When a party raises an ineffective-assistance-of-counsel claim for the first time on direct appeal, the defendant must show that, "under prevailing professional norms," *Strickland*, 466 U.S. at 688, no competent attorney would do what trial counsel did or no competent attorney would fail to do what trial counsel failed to do, *Andrews v. State*, 159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005).[6]

"The failure to file pretrial motions generally does not amount to ineffective assistance of counsel because trial counsel may decide not to file pretrial motions as part of his trial strategy." *Cantu v. State*, 678 S.W.3d 331, 352 (Tex. App.—San Antonio 2023, no pet.). "Without evidence of the strategy and methods involved concerning counsel's actions at trial, the court will presume sound trial strategy." *Smith v. State*, 84 S.W.3d 36, 42 (Tex. App.—Texarkana 2002, no pet.)). Brown complains that his trial counsel should have filed a motion in limine and then objected to Helena's statement that, previously, Brown had done something to Jessica. Brown stated in his appellate brief that, if his trial attorney "had filed a motion in limine,

---

[6]"Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional." *Bone*, 77 S.W.3d at 833.

4

[Helena]'s sister's highly prejudicial testimony, about an extraneous offense[,] would not have been admitted into evidence."[7] Even where a motion in limine is granted, that motion "does not preserve error." *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003). "For error to be preserved with regard to the subject of a motion *in limine*, an objection must be made at the time the subject is raised during trial." *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008).

Before Helena testified at the guilt/innocence phase of trial, Detective Cliff Harris testified that there was another investigation involving conduct of Brown with Jessica, but Harris provided no details regarding that investigation. He simply said that there was another investigation and that he was not involved in it. In a pretrial notice of extraneous-offense evidence, the State notified Brown that he had, from 2014 to 2018, made Jessica "undress down to her underwear and ha[d] her walk around and spin for him."[8]

Although Brown criticizes trial counsel for not filing a motion in limine or objecting, Brown does not describe what such a motion would have addressed. He claims that Helena testified to some extraneous offense, but the record does not show the extraneous-offense. In his brief, Brown cites *Wenzy v. State*, 855 S.W.2d 52 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd). There, counsel did not file a motion in limine and thus "failed to . . . prevent [Wenzy's] alleged oral confession from being admitted." *Id.* at 55. Counsel's failure to file a motion in

---

[7]As stated above, Jessica did not testify until the punishment phase of trial. From his briefing, Brown is clearly complaining about Helena's testimony during the guilt/innocence phase of trial. Also, Brown offers no discussion as to whether Article 38.37 would have authorized Helena's testimony. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37 (Supp.).

[8]The notice further alleged that Brown gave Jessica money for those acts and "[o]n one occasion [Brown] asked [Jessica] if she had any red underwear because it was his favorite color," and he showed Jessica pornography. Jessica testified at punishment to the compelled dancing but did not mention the other two allegations.

limine in *Wenzy*, combined with counsel's failure to ask that the jury be instructed to disregard the offending testimony or to request a mistrial, as well as other errors, amounted to ineffective assistance of counsel. *Id.* at 57–58. Here, though, the scant record does not establish exactly what, if any, extraneous-offense evidence Helena referred to in the family argument.[9] "Any allegation of ineffectiveness must be firmly founded in the record[,] and the record must affirmatively demonstrate the alleged ineffectiveness." *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996) (per curiam).

The record is silent as to any strategy or reasoning on the part of trial counsel regarding evidence about any conduct between Brown and Jessica. In *Lopez v. State*, "[t]he record [wa]s silent as to why trial counsel failed to object to the outcry-witness testimony."[10] *Lopez v. State*, 343 S.W.3d 137, 143–44 (Tex. Crim. App. 2011). Although "[t]he record could have been supplemented through a hearing on a motion for new trial," the "appellant did not produce additional information about trial counsel's reasons" for not challenging various testimony or "the credibility of the complainant." *Id.* at 144. Lopez "thus failed to meet his burden under the first prong of *Strickland*," and his claim of ineffective assistance of counsel failed. *Id.*

As in *Lopez*, Brown has not carried his burden to "demonstrate that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of his or her subjective reasoning." *Id.* at 143 (citing *Strickland*, 466 U.S. at 690). He has not directed this

---

[9]Even if trial counsel should have lodged some objection to Helena's statement, "[a]n isolated failure to object to certain procedural mistakes or improper evidence does not constitute ineffective assistance of counsel." *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984).

[10]*See* TEX. CODE CRIM. PROC. ANN. art. 38.072 (Supp.).

Court to "objective facts in the record" that establish a "lack of confidence in [Brown's] conviction." *Bone*, 77 S.W.3d at 837.

We find nothing in the record to establish that Brown's trial counsel rendered ineffective assistance. "Failure to satisfy either prong of the *Strickland* test is fatal." *Johnson v. State*, 432 S.W.3d 552, 555 (Tex. App.—Texarkana 2014, pet. ref'd) (citing *Ex parte Martinez*, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006) (orig. proceeding)). "Thus, we need not examine both *Strickland* prongs if one cannot be met." *Id.* (citing *Strickland*, 466 U.S. at 697). We overrule Brown's point of error.

## III. Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:    January 31, 2024
Date Decided:      February 29, 2024

Do Not Publish